IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| GERALD FOSTER, | ) | Cause No. CV 09-33-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

_____

On April 29, 2010, Petitioner Gerald Foster filed an Amended Petition seeking

a writ of habeas corpus under 28 U.S.C. § 2254.  Foster is a state prisoner.  Although

he is represented by counsel, he was permitted to file his Amended Petition pro se.

The Amended Petition is now the controlling pleading.  Mot. to Amend (doc. 27);

Order (doc. 28).

This matter has been held in abeyance pending disposition of Foster's previous

habeas petition in Cause No. CV 08-130-M-JCL, challenging a different conviction.

That petition has now been resolved.  See Order (doc. 54), Foster v. Mahoney, No. CV

1

08-130-M-JCL (D. Mont. filed Jan. 3, 2011).

## I. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Id.

## II. Background

On August 15, 2007, Foster was charged with fourth- or subsequent-offense driving under the influence ("DUI"), a violation of Mont. Code Ann. § 61-8-731 (2005).  At some point between October 16, 2007, and January 23, 2008, the State gave notice of its intent to designate Foster a persistent felony offender ("PFO") under Mont. Code Ann. § 46-18-501 and -502.  On January 23, 2008, an omnibus hearing was held.  Shortly thereafter, Foster asked the trial court to replace his counsel.  New counsel appeared.  Anders Br. at 2-3,[1] State v. Foster, No. DA 08-0364 (Mont. Oct. 6, 2008).

Trial was set for March 20, 2008.  On March 12, eight days before trial, the

---

[1] Anders v. California, 386 U.S. 738, 744 (1967); see also Mont. Code Ann. § 46-8-103(2).  The brief is attached to the Amended Petition.

2

State filed an Amended Information, reiterating the felony DUI charge and adding a count of felony criminal endangerment based on the same incident as the DUI charge. Id. at 3.  Trial was continued until June 2008.

On March 27, 2008, Foster filed a petition for writ of habeas corpus in the Montana Supreme Court, claiming he did not have three qualifying prior DUI convictions, so that the DUI charge he faced was not a felony, and his pretrial detention for over six months was unlawful.  Brief of Facts, Foster v. Flathead County, No. OP 08-0160 (Mont. filed Mar. 27, 2008).  The Montana Supreme Court denied the petition on April 30, 2008.  Order at 2, Foster, No. OP 08-0160 (Mont. Apr. 30, 2008).[2]

Meanwhile, back in the trial court, Foster withdrew his previously expressed intention to plead guilty.  Instead, on May 19, 2008, he moved to dismiss the PFO designation.  The State responded, but, on May 30, 2008, before the trial court ruled, Foster appeared for a second time at a change of plea hearing.  The trial court advised him that, if he decided not to proceed with his change of plea, it would deny his motion to dismiss the PFO designation.  Foster pled guilty to both the DUI and criminal endangerment charges, the State dropped the PFO designation, the parties

---

[2] Foster's petition and the Montana Supreme Court's decision are available at the Montana Supreme Court's website, http://supremecourtdocket.mt.gov (accessed Feb. 4, 2011).

agreed on the sentence, and the trial court said it would follow the terms of the parties' agreement.  <u>Anders</u> Br. at 3-5.

On June 26, 2008, when Foster appeared for sentencing, he moved to withdraw his guilty pleas, alleging that the criminal endangerment charge was improperly added in violation of Mont. Code Ann. § 46-11-205(3) and that "his plea was entered 'under false pretenses' regarding his exposure to a total maximum sentence of 120 years incarceration due to the PFO designation."  <u>Anders</u> Br. at 6.  His motion was denied.

As the parties had agreed, Foster was sentenced on the DUI conviction to serve 13 months in the custody of the Department of Corrections and five years in prison, with the five-year term suspended, and, on the criminal endangerment conviction, a consecutive two-year term in the custody of the Department of Corrections.  Am. Pet. (doc. 29) at 1-2 ¶¶ 1-5; <u>Anders</u> Br. at 7.

Foster appealed.  Counsel filed an <u>Anders</u> brief, the Montana Supreme Court reviewed the record, and the appeal was dismissed as frivolous.  Am. Pet. at 2 ¶ 8; Order at 2, <u>State v. Foster</u>, No. DA 08-0364 (Mont. Dec. 24, 2008).[3]  Foster's subsequent April 29, 2009, petition for postconviction relief in the trial court was denied, but he did not appeal.  Am. Pet. at 2 ¶¶ 10-12.

Foster filed his original petition in this case on March 12, 2009.  For present

―――――――――――――――――

[3] This document is available at the Montana Supreme Court's website.

purposes, the Court will assume, without deciding, that the Amended Petition relates back to the filing date of the original.  <u>Mayle v. Felix</u>, 545 U.S. 644, 664 (2005).

### III. Foster's Allegations and Analysis

Though some or all of Foster's claims may be subject to procedural bar, it is clear that he is not entitled to relief on the merits.  Accordingly, it is more efficient to address the merits.  <u>See, e.g.</u>, 28 U.S.C. § 2254(b)(2); <u>Lambrix v. Singletary</u>, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); <u>Gutierrez v. Griggs</u>, 695 F.2d 1195, 1198 (9th Cir. 1983).

Foster's first ground for relief lists various provisions of Article II of the Montana Constitution.  Am. Pet. at 3 ¶ 17A.  He does not identify any facts that purportedly implicate or violate these provisions, but that does not matter, because a federal court may not grant federal habeas relief based on violations of state law.  <u>Wilson v. Corcoran</u>, __ U.S. __, 131 S. Ct. 13, 16 (2010) (per curiam).

Foster's second ground for relief alleges that "no means no" and therefore the State could not properly add the charge of criminal endangerment as late as it did.  Am. Pet. at 4 ¶ 17B.  Assuming, for the sake of argument, that amendment of the information in violation of state law could have violated his federal right to due process, he is simply mistaken that state law did not permit amendment.  State law

permits an information to be amended "*in matters of substance* at any time, but not less than 5 days before trial."  Mont. Code Ann. § 46-11-205(1) (emphasis added). It also permits an information to be amended "*as to form* at any time before a verdict or finding is issued if no additional or different offense is charged."  Id. § 205(3) (emphasis added).   Adding a new charge is a matter of substance, not form. Subsection (1) controls, and the amendment in Foster's case was made eight days before trial.   The State complied with the statute.   Additionally, Foster has not attempted to demonstrate that the amendment prejudiced his ability to defend against the charge.

Foster's third ground for relief states that "one can find in transcripts" of the hearing on June 26, 2008, that he was denied due process and the effective assistance of counsel "as shown in my Amended Petition."  Am. Pet. at 5 ¶ 17C.  He does not provide the transcript, and, at any rate, it would not be the Court's job to "find" in it any claim for relief.  The Amended Petition containing the claim is the only Amended Petition, so it is not clear where he believes he has "shown" something.[4]  Presumably, however, he is referring in some way to the trial court's denial of his motion to withdraw his guilty pleas.  He made that motion on two grounds.  One, the propriety

---

[4] He did not file an Amended Petition in the state habeas proceedings.  He filed a supplement to the original petition in this case on March 24, 2009, but it raised a parole issue.

of the information's amendment, is dealt with in the previous paragraph of this Order. The other, his allegedly invalid PFO designation, also lacks merit. This Court has already decided that Foster's DUI conviction on February 21, 2006, was a felony offense. Order (doc. 54) at 13-14, <u>Foster v. Mahoney</u>, No. CV 08-130-M-JCL (D. Mont. Jan. 3, 2011). Foster committed the offenses to which he pled guilty in this case on or before August 13, 2007, that is, less than two years after his previous felony DUI conviction. Therefore, he was subject to PFO designation. Mont. Code Ann. § 46-18-501 (2005). A guilty plea is not rendered involuntary when it is entered to avoid greater punishment. <u>Brady v. United States</u>, 397 U.S. 742, 755 (1970).

Finally, Foster complains that the prosecutor "made himself present at my parole hearing and perjured himself by using false convictions & stating I had 13 prior convictions." Am. Pet. at 6 ¶ 17D. In January 2009, Foster was denied parole and "passed to discharge," meaning parole would not be considered again before his discharge. <u>See</u> Final Board Dispositions Jan. 2009, http://mt.gov/bopp/Archives/Final_DispositionsFY2009.asp (accessed Feb. 4, 2011). Prosecutors are permitted to appear at parole hearings. It is possible that Foster does not have as many as thirteen prior convictions,[5] but it is impossible to deny that he has many. The Parole Board

---

[5] Omitting all alcohol-related convictions – even the ones this Court has found supported by judgments – Foster's driving record shows 18 driving-related convictions. He has at least five alcohol-related driving convictions. Though the

decides "whether there is reasonable probability that the prisoner can be released without detriment to the prisoner or to the community." Mont. Code Ann. § 46-23-201(1). It is highly likely that, with or without the prosecutor's presence, the Board would have concluded that Foster poses a serious danger to the community, as he is able to refrain from drinking and driving only when he is incarcerated. See Order at 11-14, Foster No. CV 08-130-M. If there was any falsity in the prosecutor's representation that Foster had 13 prior convictions, it could not have been material.

All of Foster's claims for relief should be denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. Foster has not shown that he was deprived of any constitutional right. 28 U.S.C. § 2253(c). Even assuming he could predicate a federal due process violation on a violation of state law, he misunderstands state law. It was not violated. His guilty plea was not entered under false pretenses because he was subject to designation as a persistent felony offender. Even if the prosecutor was wrong in

---

driving record has proved inaccurate in some respects, a record of 18 convictions, excluding the several related to alcohol, allows considerable room for error. And the driving record shows only driving convictions. Foster was also convicted of robbery in 1975.

telling the Parole Board that Foster had 13 prior convictions, he was not wrong that Foster has many, so any misstatement could not have been material.  There is no room for reasonable jurists to find merit in Foster's claims and no reason to encourage further proceedings.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  The Petition (doc. 1) should be DENIED on the merits.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely

file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Foster must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of his case without notice to him.

DATED this 7th day of February, 2011.


 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

10